CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ALETHEA SARGENT (CABN 288222)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    alethea.sargent@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:26-cr-00132-AMO |
| Plaintiff, | **GOVERNMENT'S DETENTION MEMORANDUM** |
| v. | |
| | Hearing Date:  April 21, 2026 |
| EMMITT ROBERT ADAMS, | Hon. Kandis A. Westmore |
| Defendant. | |

## I.    INTRODUCTION

Defendant Emmitt Robert Adams has previously been convicted of multiple felonies—including for robbery and gun crimes—and has spent years in custody for those offenses.  Nonetheless, neither his understanding that his conduct could land him in prison, nor the restrictions of probation were sufficient to deter him from committing the crime at issue in this case.

In the instant case, Adams was found by officers passed out and behind the wheel of a car that was still in drive on a highway off-ramp; Adams's foot on the brake was the only thing that held the car in place.  In his waistband was a stolen Glock GMBH 34 (serial number BSBX919).  The gun had a high-capacity magazine that was fully loaded with twenty-one 9 mm  cartridges, plus one in the chamber.  Despite his prior convictions, including repeated convictions for possessing a firearm

despite his felony status, Adams continues to acquire dangerous firearms and ammunition.  Adams's release from custody pending trial would present a serious danger to the community.  The government requests that he remain detained pending trial.

## II.    BACKGROUND

### a.  Adams, a Convicted Felon, Possessed a Semi-Automatic Firearm Loaded with Over 20 Rounds of Ammunition

In the instant case, a grand jury indicted Adams with one count of Felon in Possession of Ammunition, a violation of 18 U.S.C. § 922(g)(1).  At approximately 6 am on January 31, 2026, a Dublin police officer noticed a car stopped in the middle of the left lane of a two-lane highway off-ramp.  Adams was intoxicated and either unconscious or asleep, with the car still in drive but with his foot on the brake.  CHP arrived and boxed the car in, and Adams was awakened by window taps.  Once awake, Adams did not respond to requests that he put the car in park; CHP opened the door, reached in to put the vehicle in park, and then again to take the keys.  He was then slow to respond to commands to step out of the car.  As soon as he stepped out, Adams reached his hands toward his pants pockets, causing several officers who were surrounding him to pull his arms away from his pockets.  In this process, one officer noticed a holster at Adams's left waistband.  Adams was handcuffed and frisked, and officers found a gun in the holster: a Glock 34 with an extended magazine and one in the chamber.

### b.  Adams Has Suffered Multiple Prior Felony Convictions, Including Violent Offenses and Gun Crimes, and Has Spent Years in Custody for Those Crimes.

Adams has multiple felony gun convictions, for which he has served over nine years in prison two years in county jail, and time in custody out of state.  His criminal history started when he was a juvenile with an arrest for loitering in 2000 when he was 14, for which he was sent to juvenile hall.  This rapidly escalated, and in 2001 he was arrested for murder and carjacking.  No disposition information is available on that arrest, and it appears not to have led to conviction because he was free to be again arrested in 2002 for selling drugs and was again sent to juvenile hall.  Several other juvenile commitments followed, including one for robbery, before his first adult conviction, in 2007, for being a prohibited person with a gun.  Three other felon in possession felony convictions, in 2009, 2016, and 2024, followed that one, as well as unrelated crime, including a fraud conviction out of Pennsylvania.  Three of his adult convictions resulted in sentences of over one year, including two multi-year prison

GOVERNMENT'S DETENTION MEMORANDUM    2
4:26-cr-00132-AMO

sentences.

Adams's prior convictions include the following:

- January 9, 2024: felon in possession of firearm (Cal. Pen. Code § 29800(a)(1)), based on 2021 conduct

  o Adams was sentenced to 365 days in jail, two years' probation (term expired January 9, 2026).

- August 18, 2023: felon in possession of firearm (Cal. Pen. Code § 29800(a)(1)), based on 2021 conduct

  o Adams was sentenced to two years' probation (transferred from Contra Costa County to Alameda County).

- October 19, 2017: access device fraud (18 Pa. C.S. 4106(a)(1)(iii))

  o Adams was sentenced to one year eleven months in jail.

- January 6, 2016: felon in possession of firearm (Cal. Pen. Code § 29800(a)(1)), based on 2015 conduct

  o Adams was sentenced to two years in prison, plus an additional 75 days for parole violation.

- December 5, 2011: obstructing/resisting an officer (Cal. Pen. Code § 69), based on conduct in prison

  o Adams was sentenced to 16 months in prison.

- August 4, 2009: felon in possession of firearm (Cal. Pen. Code § 12021(a)(1))

  o Adams was sentenced to six years in prison.

- June 21, 2007: felon in possession of firearm (Cal. Pen. Code § 12021(e))

  o Adams was sentenced to one year in county jail, five years' probation.

- September 3, 2004: robbery (Cal. Pen. Code § 211); possession of marijuana for sale (Health & Safety Code 11359)

  o Adams was sentenced to CYA and paroled in 2007.

- June 7, 2002: possession of marijuana for sale (Health & Safety Code 11360(c)); false ID to peace officer (Cal. Pen. Code § 148.9(a))

GOVERNMENT'S DETENTION MEMORANDUM    3
4:26-cr-00132-AMO

- o   Adams was sentenced to juvenile hall.
- January 17, 2002: possession of marijuana for sale (Health & Safety Code 11360(a)) & 11359)
  - o   Adams was sentenced to juvenile hall.
- June 1, 2001: murder (Cal. Pen. Code § 187(a)); carjacking (Cal. Pen. Code § 215(a))
  - o   No disposition available.
- January 29, 2001: loiter where children present (Cal. Pen. Code § 653(g))
  - o   Juvenile hall.
- September 29, 2000: loiter where children present (Cal. Pen. Code § 653(g))
  - o   Juvenile hall.

**III.    LEGAL STANDARD**

Under the Bail Reform Act of 1984, as amended, the Court must detain a defendant pretrial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance ofthe person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary for the government to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

GOVERNMENT'S DETENTION MEMORANDUM    4
4:26-cr-00132-AMO

## IV.    ADAMS'S CONTINUOUS CRIMINAL CONDUCT PROVES THAT HE IS A DANGER TO THE COMMUNITY

The United States submits that no condition or combination of conditions will protect the public should Adams be released from custody.

### a.    The Nature and Circumstances of the Offense and the Danger to the Community Weigh in Favor of Detention

The circumstances of Adams's arrest make clear the danger he poses to the community.  Not only was Adams found in an inherently dangerous situation—so intoxicated that he had apparently passed out in his car while driving, with the car found in drive in an active driving lane—but he was also at the time in possession of a stolen pistol in a waistband holster.  His probation on his most recent conviction appears to have ended during the same month as this incident.  Despite his prior repeated arrests and convictions (including for violent crime and gun crimes) and despite the restrictions imposed by the terms of his probation, Adams nonetheless acquired a fully loaded high-capacity stolen handgun.  The significant consequences of his prior convictions—including years of custodial time—and the conditions of his release did not deter him from driving in such an extreme state of intoxication that he passed out while possessing the gun.

The nature and circumstances of the offense indicate that, if released from custody, Adams would continue as he has done for years, to acquire firearms and ammunition.

### b.    The Weight of the Evidence Against Adams Is Overwhelming

The evidence against Adams is overwhelming.  Adams was found passed out in a car on an offramp of the freeway; he was the sole occupant.  After he exited the car, the police noticed a firearm at his waistband.

### c.    Adams's Criminal History and Prior Conduct—Including While In Custody and on Probation—Demonstrate the Danger He Poses

It is Adams's repeated criminal conduct that demonstrates the danger he poses to the community and proves that he is unlikely to comply with court orders. Despite the restrictions of parole and probation, Adams has continued to commit crimes by acquiring firearms.  Adams has already spent years in custody, but, as his conduct in the instant case demonstrates, the prospect of additional prison time does not deter Adams from acquiring and possessing firearms.

GOVERNMENT'S DETENTION MEMORANDUM    5
4:26-cr-00132-AMO

## V.    CONCLUSION

For the reasons set forth above, the defendant is a danger to the community.  The Court should therefore detain the defendant pending trial.

DATED: April 20, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


_/s/ Alethea Sargent_
ALETHEA SARGENT
Assistant United States Attorney

GOVERNMENT'S DETENTION MEMORANDUM        6
4:26-cr-00132-AMO